[No. 6037. Decided March 20, 1906.]

SEATTLE WHARF COMPANY, *Appellant,* v. S. A. CALLVERT
*et al., Board of State Land Commissioners,
et al., Respondents.*[1]

STATE LAND COMMISSIONER—CANCELLATION OF TIDE LAND LEASE—INJUNCTION—ADEQUATE REMEDY BY APPEAL. An appeal by a lessee lies to the superior court from an order of the state board of land commissioners, cancelling a state lease of tide lands, under Laws 1901, p. 98, giving such right to an "applicant" for a lease, or to any person deeming himself aggrieved by any order affecting his rights or interests in such lease; and there being an adequate remedy at law, a court of equity will not grant such relief by an injunction.

Appeal from a judgment of the superior court for King county, Honorable George Meade Emory, Judge *pro tempore,* entered September 16, 1905, upon findings in favor of the plaintiff, after a trial on the merits, dismissing an action to enjoin the enforcement of an order of the state land commissioner, cancelling a tide land lease. Affirmed.

*Geo. McKay,* for appellant.

*George F. Vanderveer* and *James A. Haight,* for respondents.

DUNBAR, J.—This action was instituted to enjoin the enforcement of an order made by the board of state land commissioners, cancelling the plaintiff's lease of the harbor area

[1]Reported in 85 Pac. 16.

in front of tide land lot 167, in the city of Seattle. The lease
had been issued in the ordinary form, and in the regular way,
and complaint had been made by the owners of the adjacent
tide lands that the lessee did not improve. After various
hearings, the order cancelling the lease was made.

It is contended by the respondents that the court did not
have jurisdiction to enjoin the enforcement of the order can-
celling the appellant's lease, for the reason that the appel-
lant's remedy was by appeal from the order made by the
board. The legislature, by an act approved March 8, 1901,
provided for appeals from the board of state land commis-
sioners. Section 1 of said act, found on page 98 of the Laws
of 1901, is as follows:

"Any person who is an applicant to purchase or lease any
of the state's granted, tide, shore, arid or oyster lands or
harbor areas, or to purchase any timber, stone, fallen timber,
hay, gravel or other valuable materials situate on any of the
public lands of the state, and any person whose property
rights or interests will be affected by such sale or lease, who
may deem himself aggrieved by any order or decision of the
board of state land commissioners concerning the same, shall
have the right to appeal from such order or decision to the su-
perior court of the state of Washington for the county in which
such lands, harbor areas or materials are situate.  .  .  ."

The subsequent sections provide the manner of appealing,
and for an appeal from the superior court to the supreme
court. It is contended by the appellant that the right of ap-
peal in this act is limited to an applicant for a lease, but it
seems to us that this is too narrow a construction to place
upon the act, and that it was the evident intention of the
legislature to give the right of appeal from the orders of the
board of state land commissioners concerning the character
of property mentioned in the act. Even putting the narrow
construction upon the act which is claimed by the appellant,
the appellant in this case is an applicant to lease. Notwith-
standing the fact that the lease had been executed when the
controversy arose as to whether the lease should be revoked

in such a proceeding, it stood in the position of an applicant for the lease.

But the statute provides further that any person whose property rights or interests will be affected by such sale or lease, or who may deem himself aggrieved by any order or decision of the board of state land commissioners concerning the same, shall have the right to appeal. Most assuredly the property rights and interests of this appellant were affected by this lease; and that it deemed itself aggrieved by the order or decision of the board of state land commissioners concerning the same is evidenced by the fact that it brings this action to enjoin the enforcement of such order. It seems to us too plain for extended discussion that the appellant's case falls squarely within the provisions of the statute, and that the right to appeal was thereby conferred upon it. This being true, under the general rule, a court of equity will not assume jurisdiction to grant relief by the extraordinary remedy of injunction where there is an adequate remedy at law, and there is no attempt in this case to show that the remedy by appeal would not have been adequate, the whole contention of the appellant being that the remedy by appeal was not open to it. Finding that it was, and that it did not avail itself of such remedy, it is precluded from proceeding in this action.

In this connection it may not be inappropriate to say that we announce the rule of practice without regret in this particular case, for the reason that, notwithstanding our views on the question just discussed, we have examined the case on its merits and are satisfied that the court acted well within its discretion in making the order complained of.

The judgment is affirmed.

HADLEY, FULLERTON, CROW, and ROOT, JJ., concur.